UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LOCAL 881 UNITED FOOD AND COMMERCIAL WORKERS UNION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 2:11-CV-161-TLS |
| FOOD CLUB OF INDIANA d/b/a VALUMART FOODS, | ) ) ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

On May 4, 2011, the Plaintiff, Local 881 United Food and Commercial Workers Union, filed a Complaint for Specific Performance of a Collective Bargaining Agreement [ECF No. 1] against the Defendant, Food Club of Indiana d/b/a Valumart Foods. Relying on 29 U.S.C. §185, the Plaintiff seeks to compel arbitration of pending grievances filed on behalf of two of the Plaintiff's members, and a later grievance filed on behalf of all of its members, concerning the Defendant's failure to pay negotiated wage increases. This matter is before the Court on the Plaintiffs' Motion for Default Judgment [ECF No. 10], filed on July 6, 2011, and amended on August 4 [ECF No. 13]. The Plaintiff requests the entry of an order directing and requiring the Defendant to comply with the arbitration provisions of the Collective Bargaining Agreement (CBA) and to proceed to arbitration on the issues presented in the grievances. The Plaintiff also seeks attorney's fees and costs.

On June 28, 2011, the Clerk of this Court entered Default [ECF No. 9] against the Defendant because it has not appeared or challenged the Plaintiff's assertions in this case. In support of its Motion for Default Judgment, the Plaintiffs submit the Affidavit of John F.

Kienzle, a Special Process Server [ECF NO. 10-1], which provides that, on May 5, 2011, the Defendant formally served the Summons & Complaint on the Defendant by leaving a copy with the manager and authorized person. The Plaintiff has also provided the Amended Affidavit of Alexander G. Barney [ECF No. 13], the Plaintiff's attorney. Barney states the number of hours he worked (4.25) and the hourly rate ($250.00) he charged the Plaintiff to draft the Complaint and the Motion for Default Judgment, and to communicate with the Defendant. His total fees are $1,062.50. Barney also states in his Affidavit that the Plaintiffs incurred costs of $350 for the filing fee and related costs, $182 for pro hac vice fees, and $480 for service fees. Attached to the Affidavit is a Summary of Attorney Hours and Costs and receipts for the filing fees, certificates of good standing, pro hac vice application fees, process server fees, and shipping fees. According to the Amended Affidavit and attached documents, the Plaintiffs incurred $1,012 in costs.

Once the default of a party has been established (based upon the party against whom a judgment for affirmative relief is sought having failed to plead or otherwise defend), Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. As long as a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Under Rule 54(c), a party obtaining a default judgment in its favor is not entitled to a judgment that differs in kind from or an award that exceeds the amount demanded in the pleadings. Even when

default judgment is warranted, allegations in the complaint regarding the amount of damages are not taken to be true. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323. Instead, courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323.

Pursuant to § 301 of the Labor Management Relations Act (LMRA), this Court has jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). While § 301 does not explicitly empower federal courts to enforce arbitration agreements contained in such contracts, the Supreme Court, in *Textile Workers v. Lincoln Mills*, held that § 301 grants federal courts power to compel arbitration pursuant to arbitration provisions in CBAs. 353 U.S. 448, 451 (1957). The Supreme Court declared that § 301 "authorizes federal courts to fashion a body of federal law" when enforcing CBAs that would account for the policies animating the LMRA. *Id.* Presented with a contract containing an arbitration provision, federal courts will compel arbitration of a grievance "unless it can be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'n Workers*, 475 U.S. 643, 650 (1986). The Plaintiff's Complaint and the attached CBA support the Plaintiff's claim that the parties agreed to arbitrate the instant dispute, specifically an April 9, 2009, grievance for Local 881 members Renee Hubbard and Patricia Bentley over the Defendant's failure to pay an August 19, 2009, wage increase; and a November 5, 2010, grievance on behalf of all Local 881 members working at the Defendant over its failure to pay an April 7, 2010, wage

3

increase. The Plaintiff's are entitled to specific relief on their request to compel arbitration of these grievances.

Attorney's fees will be awarded to a prevailing party under § 301 of the LMRA "'only if his opponent's suit or defense was frivolous, which our cases define to mean brought in bad faith—brought to harass rather than to win.'" *Local 232, Allied Indus. Workers of Am., AFL-CIO v. Briggs & Stratton Corp.*, 837 F.2d 782, 789 (7th Cir. 1988) (quoting *Miller Brewing Co. v. Brewery Workers Local Union No. 9*, 739 F.2d 1159, 1167 (7th Cir. 1984)); *see also Chrysler Motors Corp. v. Int'l Union, Allied Indus. Workers of Am, AFL-CIO*, 959 F.2d 685, 689 (7th Cir. 1992). The Defendant has not presented any basis in law or fact to deny its obligation to arbitrate the grievances, and it forced the Plaintiff to petition this Court to enforce its contractual right even though the Plaintiff warned the Defendant that its failure to select an arbitrator would leave the Plaintiff with no alternative but to file suit. Because the Defendant has not responded to the Plaintiff's repeated demands for arbitration, either before or after it filed this lawsuit, the Court infers that the Defendant's motive was "to harass rather than to win." The Court finds that Barney's hourly rate is reasonable for a commercial labor dispute, and that the time he devoted to resolving the action through default judgment was reasonable and adequately documented. Barney's Amended Affidavit and supporting documentation support an award of fees in the amount of $1,062.50.

According to Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs other than attorney fees "should be allowed to the prevailing party." The Seventh Circuit has described Rule 54(d)(1) as creating a presumption in favor of costs that is "difficult to overcome." *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 221–22

4

(7th Cir. 1988). The court may not tax a prevailing party's costs to the losing party under Rule 54(d) unless the specific expense is authorized by a federal statute. *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 701 (7th Cir. 2008) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987)). In addition to being authorized by statute, a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it. *Id.* The Plaintiff does not cite any cases which specifically rely on LMRA laws to authorize the payment of costs not listed in § 1920. Therefore, the Court will award only costs authorized by 28 U.S.C. § 1920. Recoverable costs include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

The $350 filing fee is recoverable. Although private process servers are not specifically allowed for under 28 U.S.C. § 1920, the Seventh Circuit has held that private process servers are taxable as costs under 28 U.S.C. § 1920(1) provided that their rates do not exceed what it would cost to have the U.S. Marshals effectuate service of process. *See Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996) ("[T]he prevailing party [can] recover service costs that do not exceed the marshal's fees, no matter who actually effected service."). When the U.S. Marshals serve process personally, it costs $55 per hour for each item served plus travel costs and any other out-of-pocket expenses. *See* 28 C.F.R. § 0.114(a)(3) (setting costs for service of process). The Plaintiff's receipts in support of amounts it paid to a Chicago process server firm indicate that it twice attempted to effectuate service on the Defendant in Gary for total invoiced charges of $320.00. (Receipts, ECF No. 13-1 at 9–10.) Given the distance from the LaSalle Street firm to

the Defendant's Gary address, this amount does not appear to exceed the amount it would have cost to have the U.S. Marshals effectuate service, and the amount is recoverable. The pro hac vice admission fees are not contained in the categorical list under § 1920 and must be borne by the party incurring the cost. Likewise, the cost of $20 to ship counsel's letters of good standing are not recoverable. Postage costs are generally considered ordinary business expenses that are not compensated under § 1920. *See Am. Nat'l Ins. Co. v. Citibank, F.S.B.*, 623 F. Supp. 2d 953, 956 (N.D. Ill. 2009); *see also Moore v. Univ. of Notre Dame*, 22 F. Supp. 2d 896, 915 (N.D. Ind. 1998) (noting that "costs such as postage and mail services have been disallowed on the grounds that such expenses are generally considered overhead, or part of the cost of operating a law firm" (internal quotation marks omitted)).

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the Plaintiff's Motion [ECF No. 10]. The Court ORDERS that the Clerk enter judgment against the Defendant and in favor of the Plaintiff directing arbitration of the Plaintiff's grievances and awarding $1,062.50 in attorney's fees and $670 in costs. The Defendant is ORDERED to contact the Plaintiff within fourteen days from the date of this Order to select an arbitrator with the Plaintiff and proceed to arbitration as provided in the CBA.

SO ORDERED on August 10, 2011.

      s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION